# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 7:15CR00102-002 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TIMOTHY SCOTT ANDERSON,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Timothy Scott Anderson, Pro Se Defendant.*[1]

The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  For the reasons set forth hereafter, it is **ORDERED** that the motion, ECF No. 457, is DENIED.

The defendant was sentenced by the late District Judge Glen E. Conrad of this court by judgment entered December 19, 2016, to 138 months imprisonment, following his guilty plea to a drug trafficking offense.  He is 56 years old and is currently incarcerated at FCI Fort Dix.  He has a projected release date of May 7, 2026.  The grounds of the defendant's motion are his claim of risk from potentially

---

[1] The Federal Public Defender was appointed to represent the defendant in an earlier pro se motion for reduction in sentence which motion was denied without prejudice for failure to exhaust administrative remedies, Order, Oct. 22, 2020, ECF No. 421, but that office advised the court that it would not file further pleadings on behalf of the defendant and requested that he be allowed to proceed pro se.  Fed. Pub. Def.'s Resp., Feb. 8, 2021, ECF No. 453.

contracting COVID-19, as well as his desire to return home to assist his elderly and ailing mother. The defendant previously unsuccessfully sought administrative reduction of his sentence from the Warden of his prison on these grounds. Fed. Pub. Def.'s Resp. Ex. A, ECF No. 453-1.

In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

The defendant alleges that he has a medical condition, high cholesterol, which he asserts may make him more vulnerable to a serious result if he contracts COVID-19 while in prison. Mot. Recons. 5, ECF No. 454. However, the medical records that he has submitted show that in 2020 he stopped taking Lipitor, a drug prescribed for him for treatment of high cholesterol, because "he doesn't like pills." Bureau of Prisons Health Servs., Clinical Encounter, Feb. 6, 2020, ECF No. 416. The possibility of contracting COVID-19 does not constitute an extraordinary and compelling reason for compassionate release under the defendant's circumstances.

While I sympathize with the defendant's desire to assist his mother, he does not eliminate any other available assistants which she may have. The inability to be a caretaker for a relative is not in this circumstance an extraordinary and compelling reason for relief.

Moreover, the factors under § 3553(a) do not support a sentence reduction. Anderson's crime was serious. A court may consider sentencing length and rehabilitation factors when deciding a compassionate release motion, but the defendant has not served enough of his sentence to justify a reduction. *See, e.g.*, *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). In order to further protect the public and to deter the defendant's future behavior, the § 3553(a) factors do not warrant a sentence reduction.

For these reasons, I do not find it appropriate to grant the motion.

ENTER: July 14, 2022

/s/ JAMES P. JONES
Senior United States District Judge